UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWIGHT K. BACON (#556894)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 10-390-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 10, 2011.

MAGISTRATE JUDGE DOCIA L. DALBY

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWIGHT K. BACON (#556894)

VERSUS                                                  CIVIL ACTION

N. BURL CAIN, ET AL                         NUMBER 10-390-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's motion to dismiss. Record document number 11. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden N. Burl Cain and unidentified classification department personnel. Plaintiff alleged that he was improperly classified to Eagle 2, a unit for sex offenders, when he was transferred from Hunt Correctional Center to Louisiana State Penitentiary.

In his opposition to the defendant's motion to dismiss, the plaintiff alleged that Ernest Williams, ARDC classification manager, was responsible for classifying him to Eagle 2. Plaintiff's opposition to the defendant's motion to dismiss shall be treated as an amendment to the complaint naming Ernest Williams as the unidentified classification department personnel named in the original complaint.

Warden Cain moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

---

[1] Record document number 16.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But

even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that while he was confined at Hunt Correctional Center he committed a disciplinary infraction for Rule 21 sex offense and was sentenced to isolation. Plaintiff alleged that he was subsequently transferred to the state penitentiary where he was classified to Eagle 2, a unit designated for sex offenders. Plaintiff alleged that his classification to Eagle 2 violated his constitutional rights.

Plaintiff's challenge to his classification status and unit placement are without merit. Prison officials exercise sole discretion over inmate classification, and inmates do not have a constitutionally protected interest in housing in certain facilities. *Kirby v. Johnson*, 243

Fed. Appx. 877 (5th Cir. 2007); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be granted. It is further recommended that the claims against Ernest Williams be dismissed as dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 10, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**